IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP JOHN BURLE, MARY CLARE MOSER,
SANDIA DEVELOPMENT AND CONSULTING
SERVICES, INC., and TSE NDEESHGLISH
ENTERPRISES, INC.,

        Plaintiffs,

v.                                               No. CIV 06-838 BB/WDS

MICHAEL W. BRIGGS and VALLECITO GAS,
L.L.C.,

        Defendants.

**MEMORANDUM OPINION
AND
ORDER DENYING PRELIMINARY INJUNCTION
AND APPOINTMENT OF A RECEIVER**

THIS MATTER is before the Court on the Plaintiffs' *Motion for Appointment of Referee and Interim Receiver and for a Preliminary Injunction* [doc. 2]. This Court has reviewed all the briefs and evidentiary submissions of counsel as well as conducting an evidentiary hearing on February 15, 2007. The Court concludes neither the appointment of a receiver nor a preliminary injunction is an appropriate remedy at this time, and Plaintiffs' motion will be Denied.

*Discussion*

At this preliminary stage, the Court is reluctant to make any definitive factual findings, but based on the current state of the record, the following are my factual assumptions for purposes of deciding this motion:

**At all the times material to this action, Plaintiff Tse Ndeeshglish Enterprises, Inc. ("TNEI" or "TSE"), was a corporation organized and existing under provisions of the laws of the Navajo Nation; it is wholly owned by the Tse Ndeeshglish Chapter of the Navajo Nation. Its purpose is to acquire businesses or properties which may contribute to the financial benefit of members of the Tse Ndeeshglish Chapter of the Navajo Nation. Plaintiff Sandia Development and Consulting Services, Inc., acted as agent for and on behalf of TNEI. Oswaldo Galarza was president of Plaintiff Sandia Development and Consulting Services, Inc., and was acting on behalf of such corporation. Plaintiff Mary Clare Moser is married to Oswaldo Galarza and was interested in investing to advance the interests of TNEI. Compass Bank, N.A. ("the Bank"), is a bank located in Albuquerque, and Garry Millhollin was Senior Vice President of the Bank. The Bank was aware of the Bureau of Indian Affairs guaranty program and desired to participate in it by making loans to Indian-owned entities which would then be guaranteed by the Bureau of Indian Affairs. Defendant Vallecito Gas, L.L.C., is a Delaware corporation, with its principle place of business in Dallas, Texas. David Smart was an agent for, or employed by, Defendant Vallecito Gas, L.L.C., and designated by Vallecito to seek investors for oil and gas properties in New Mexico.**

**In March 2006, Garry Millhollin introduced Mary Clare Moser and Oswaldo Galarza to David Smart. David Smart was aware that Tiffany Gas, L.L.C., which owned the Hogback Oil Field, desired to sell it. After David Smart learned that TNEI could obtain guaranties for loans, up to $10 million, from the Bureau of Indian Affairs, he proposed that TNEI borrow $5.3 million, and use $1.5 million of the proceeds of that loan to purchase the Hogback Oil Field and another $500,000.00 of those proceeds to develop the property. Plaintiffs and**

2

**Defendants undertook a due diligence review for Compass Bank. During the due diligence review and negotiations for the purchase of the property at issue, Plaintiffs were represented by Catherine Baker Stetson, legal counsel, who prepared and reviewed agreements and documents pertaining to the purchase of the subject property.**

**Plaintiff's counsel prepared the initial draft agreement of the assignment. On May 8, 2006, prior to the closing, Defendant Briggs provided Ms. Moser and Plaintiffs' counsel Stetson with revisions to the agreement they had proposed between Vallecito and TSE. On page 2 of the proposed agreement, Mr. Briggs prepared the following description of the working interest in the properties: "TSE wishes to purchase a working interest in all such properties, specifically, 1) a 50.1% working interest in Hogback (such interest to be limited to the surface rights to 100' feet below the base of the producing formation (Dakota Formation), with Vallecito retaining all rights below that, and 2) a 10% working interest in the Rio Arriba property, and TSE is currently pursuing a BIA Guaranteed Loan in the amount of $5,000,000, which amount TSE intends to invest to acquire such working interests." This draft agreement was faxed to Plaintiffs' counsel and e-mailed to Ms. Moser on May 8, 2006. Plaintiffs did not object to Defendants' revised proposal at any time prior to the closing on May 10, 2006.**

**Immediately prior to the closing on the subject property, Ms. Moser, acting as an agent for her father, Mr. Burle, and Oswaldo Galarza, acting as agent for Sandia Development and Consulting Services, Inc., were given the opportunity to and did in fact review the final assignments in the office of Gary Millhollin at Compass Bank. These assignments clearly indicated that the lease transfers were limited to the "surface down to, but not below, the base of the Dakota formation." Plaintiffs took the documents home and did not object to this**

3

limiting language until days after closing. Based on the present record, the Court cannot judge the strength of the testimony on the fraud issue, but the written documents do not support Plaintiffs' burden to persuade the Court that they have a substantial likelihood of success. This is a necessary predicate for injunctive relief. *Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999).

It also appears Plaintiffs alleged injuries for the fraud can be adequately covered by money damages. While Plaintiffs allege Defendants are insolvent, no evidence to support that claim is advanced. The fact that Defendants have failed to pay Plaintiffs amounts presently in dispute does not meet Plaintiffs' burden. *See United States v. Brown*, 331 F.2d 362, 365 (10th Cir. 1964).

The parties also entered into a settlement agreement with an effective date of November 2, 2006. Paragraph 8 of the settlement agreement states:

> A Stipulation shall immediately be prepared and filed in Cause number CIV-06-0838 BB WDS on the docket of the United States District Court to stay all activity in such action until the provisions of this agreement may be performed.

Plaintiffs voluntarily entered into and executed the settlement agreement. Plaintiffs were represented by counsel when they voluntarily entered into and executed the settlement agreement. Public policy supports settlement and Plaintiffs have not met their burden to show how the injunction they request would support the public interest. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 66 F. Supp. 2d 317, 331 (D.R.I. 1999).

"A receiver is an extraordinary equitable remedy that is only justified in extreme situations." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 317 (8th Cir. 1993).

**Plaintiffs have also failed to persuade the Court that presently this is such an extreme situation.**

**Now, therefore,**

**IT IS ORDERED that Plaintiffs'** *Motion for Appointment of Referee and Interim Receiver and for a Preliminary Injunction* **is DENIED.**

**DATED this 5th day of March, 2007.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**